## DAY et v SCHULTEN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2637.  Decided Feb 29, 1936

John W. Bricker, Attorney General, Columbus, Isadore Topper, Asst. Atty. General, Toledo, and C. G. L. Yearick, Asst. Atty. General, Newark, for plaintiffs in error.

Wm. S. Schwartz, Cincinnati, and R. E. Simmonds, Jr., Cincinnati, for defendants in error.

## OPINION

By BODEY, J.

This proceeding seeks the reversal of this judgment. Plaintiffs in error set forth specifically eight grounds of alleged error. In general, it is contended that the judgment is contrary to and unsupported by the evidence, that the judgment is contrary to law, and that the trial court did not have jurisdiction to review and revoke the order of the Tax Commission, the defendants in error not having exhausted the administrative remedies to review said order.

The act providing for the levy of an excise tax on sales of cigarettes was first passed June 24, 1931, and the tax therein imposed was effective during the years 1931, 1932 and 1933. Thereafter the act was, extended to include the years 1934 and 1935 and the first ten months of 1936. This enactment will be found in §§5894-1 to 5894-21 GC, inclusive.

Sec 5894-1 GC contains the following definitions:

" 'Wholesale dealer' includes only those persons who sell cigarettes to licensed retail dealers or for purposes of resale only; 'Retail dealer' includes every person other than a wholesale dealer engaged in the business of selling cigarettes in this state, irrespective of quantity or amount or number of sales thereof; 'Sale' includes exchange, barter, gift, offer for sale and distribution and excludes transactions in interstate or foreign commerce."

Sec 5894-2 GC provides that "only one sale of the same article shall be used in computing the amount of tax due hereunder." It is provided by §5894-3 GC that the tax thus imposed shall be paid by the purchase of stamps as provided in this act. This latter section also provides:

"Excepting as may be otherwise provided in the rules and regulations prescribed by the commission under authority of this act, and unless such stamps have been previously affixed, they shall be so affixed by each wholesale dealer in this state, and cancelled by writing across the face thereof the name of such wholesale dealer and the date of cancellation, prior to the delivery of any cigarettes to any retail dealer in this state.

Each retail dealer in this state shall immediately upon the receipt of any cigarettes at his place of business, so affix such stamps to each package, unless such stamps shall have been previously affixed thereto, and shall cancel the same by writing or stamping his name and the date of cancellation across the face thereof, or shall immediately mark in ink on each unopened box, carton, or other container of such cigarettes the word 'received' and the month, day and hour of such receipt and shall affix his signature thereto. He shall in any event open such box, carton or other container and immediately so affix such stamps to each package therein, and cancel the same in the manner herein designated, within twenty-four hours after such receipt and prior to the sale of such cigarettes.

Whenever any cigarettes are found in the place of business of such retail dealer without the stamps so affixed and cancelled or not so marked as having been received within the preceding twenty-four hours, the prima facie presumption shall arise that such cigarettes are kept therein in violation of the provisions of this act."

Sec 5894-8 GC provides that the State Tax Commission shall have authority to: "promulgate such rules and regulations

as it may deem necessary to carry out the provisions of this act and may adopt different detailed regulations applicable to diverse methods and conditions of sale of cigarettes in this state, **prescribing, in each class of cases, upon whom, as between the wholesale dealer and the retail dealer, the primary duty of affixing stamps shall rest and the manner in which stamps shall be affixed.**" (Emphasis ours).

Sec 5894-9 GC covers the sale of the stamps in this language:

"Such stamps shall be sold and/or accounted for at the face value thereof, excepting that the commission may, by regulation certified to the treasurer of state, authorize the sale thereof to wholesale or retail dealers in this state, or to wholesale dealers outside of this state at a discount of not exceeding ten per centum of such face value as a commission for affixing and cancelling such stamps; and excepting further that the commission may, by like regulation so certified, authorize the delivery of stamps to wholesale or retail dealers in this state or to wholesale dealers outside of this state on credit, allowing the same discount as when sold for cash, if and when the purchaser shall file with the commission a bond, payable to the state of Ohio, in such form and amount as the commission shall prescribe, and with surety or sureties to satisfaction of the treasurer of state, conditioned upon the payment to the treasurer of state for stamps so delivered within such period of time after delivery thereof as may be so prescribed and the making of such reports and settlements as the commission may require; and the commission may, by further regulations, provide for cancelling, renewing or increasing such bond or for the substitution of the surety thereon. The treasurer of state shall redeem and pay for any unused or spoiled stamps on written verified requests made by the purchaser, his administrators, executors, successors, or assigns. Such payment shall be made from an appropriation to the state treasurer for the purpose of defraying the expenses of administering this act."

One of the penalties for a violation of the terms of the act is found in §5894-16 GC. It is as follows:

"Whoever sells cigarettes, in this state without there having been first affixed to each individual package thereof the stamp or stamps required to be affixed thereto by this act shall be fined not more than one hundred dollars, or imprisoned in the county jail not more than ninety days, or both, in the discretion of the court."

Upon examination of the sections of this act to which reference has been made we learn that the Tax Commission is empowered to promulgate rules and regulations concerning the affixation of these excise stamps and the sale of these stamps at a discount. Under the provisions of §5894-9, GC, supra, such stamps must be sold and/or accounted for at their face value unless the Tax Commission by regulation authorizes the sale thereof to wholesale and retail dealers in the state and to wholesalers outside the state at a discount of not to exceed 10%. These original rules of the Commission were not offered in evidence. However, plaintiffs could only expect to be successful in this action if such rules were before the court. If no such rules were promulgated, no dealer could insist upon purchasing tax stamps at a discount. §5894-9 GC, supra, expressly so provides. We have, therefore, obtained a copy of such rules and will make some reference to them in this opinion. The rules of the Tax Commission promulgated under authority of the statute, provide for the affixation of stamps. They provide that stamps shall be affixed:

"In accordance with the first paragraph of §3, by wholesalers when receiving cigarettes in the place where such wholesaling is carried on, at the address named in the wholesaler's licence, on cigarettes received by such wholesaler to be sold and delivered to retailers within this state; and in accordance with the second paragraph of §3, by all retailers within this state of any unstamped cigarettes.

That all wholesalers are required to cancel said stamps after affixation by writing across the face thereof the name of such wholesale dealer and the date of cancellation, prior to the delivery thereof of any cigarettes to any retail dealer in this state; that all retailers shall immediately upon receipt of any unstamped cigarettes at his place of business so affix such stamps to each package and shall cancel the same by writing or stamping his name and the date of cancellation across the face thereof, or shall immediately mark in ink on each unopened box, carton or other container of such cigarettes the word "Received" and the month, day, and hour of such receipt, and shall affix his signature thereto. He shall in any event open such box, carton or other container and immediately so affix such stamps to each pack-

age therein and cancel the same in the manner herein designated within twenty-four hours after such receipt, and prior to the sale of such cigarettes.

That a discount of ten percentum for cash from the face value of the stamps be allowed by the Treasurer of State upon authorization to him made by the Tax Commission of Ohio only to wholesale dealers in cigarettes within this state and that by like authorization made by the Tax Commission of Ohio to the Treasurer of State he deliver stamps to wholesale dealers within this state on thirty days' credit, allowing the same discount as when sold for cash, namely, ten percentum, if and when the purchaser shall first file with the Commission a surety bond which must be issued by surety companies only holding a certificate of authority from the Secretary of the United States Treasury as acceptable security on Federal Bonds, or by preferred collateral bonds to the satisfaction of the Treasurer of State of Ohio in an amount equal to the face value of the stamps delivered, not allowing any deduction in the amount of the bond for the ten percentum discount from the face value of the stamps delivered upon which credit is to be extended."

With the several sections of the act before us, supplemented by the rules and regulations prescribed by the Tax Commission, we find that no dealer is entitled to the 10% discount in the purchase of stamps except a wholesale dealer within the state of Ohio. We also discover that the wholesale dealer in this State shall affix the stamps and cancel them **prior to the delivery of any cigarettes to any retail dealer in this state.** While a duty is enjoined upon the retail dealer to affix the stamps upon packages of cigarettes not already containing excise stamps, that duty is secondary to the duty imposed upon the wholesale dealer doing business in the State of Ohio and selling cigarettes to retailers in this state. It is also noted that, under the rules promulgated by the Commission, the stamps must be affixed by the wholesale dealer in his place of business and at the address named in his license. Finally, we read in §5894-16 **GC,** supra, that "**whoever sells cigarettes in this state**" without there having been first affixed the required stamps is subject to a fine or imprisonment or both. No distinction is drawn between sales at wholesale and sales at retail.

We conclude from an analysis of all of these sections of the enactment and from the rules and regulations of the Tax Com-

mission that it is the duty of the wholesale dealer in the State of Ohio to purchase these excise tax stamps and affix them to all packages of cigarettes by him received to be sold and delivered to retailers in this State, such stamps to be affixed in his place of business prior to delivery to the retail dealer.

The Tax Commission may not regulate the purchase of cigarettes outside the State of Ohio. A retail dealer may purchase from a non-resident wholesaler. If he does so, then he must affix the stamps within twenty-four hours after the shipment is received. If the Federal Cafeteria in the case at bar had purchased cigarettes from a non-resident wholesale dealer, and had received the same, and had them on hand, we do not believe that the Tax Commission could force it to purchase and affix the stamps. In such event, the cases cited by counsel for plaintiffs would control because the State of Ohio would be attempting to assess and collect a tax upon sales carried on in this Post Office Building which is located on land of the United States. But this is not a retail sales tax. It is an excise sales tax and in our judgment the plaintiffs violated both the rules of the Tax Commission and the laws of Ohio when they failed to affix these stamps prior to the delivery of the cigarettes to the Federal Cafeteria.

Did the Tax Commission have power and authority to order the Treasurer of State to cease selling stamps at a discount to delinquents? We think that it had such power. The Tax Commission was empowered by the Legislature in §5894-9 GC, supra, to authorize the Treasurer to sell stamps at a discount of not to exceed 10%. Under such authorization, a general order was issued directing the sale of stamps to wholesalers within the State at a discount of 10%. Unquestionably, the power to provide for sale of stamps at the discount was lodged in the Tax Commission. Being once lodged in that body, the Commission had continuing jurisdiction to issue other and further orders not inconsistent with the Statute unless its power to promulgate rules and regulations relative to purchase of stamps generally, the Commission had the power to change or revoke any order previously made so long as it was of a general nature. The order of the Commission as set forth in Exhibit A, supra, was general and affected all delinquents. It was not discriminatory and took away no rights from any dealer. The orders embodied in Exhibits B and C may not be said to be discriminatory or unconstitutional. While

these orders of the Commission particularly affect the plaintiffs, yet they are based upon the general order set out in Exhibit A. These orders were only directed at plaintiffs because they were delinquent and could not bring themselves within the general order set forth in Exhibit A.

In our opinion the plaintiffs are not entitled to the relief for which they pray. The evidence does not support their claims. The judgment of the lower court is contrary to law and is not supported by the evidence. The judgment should have been for defendants rather than plaintiffs. Therefore, these errors being prejudicial, the judgment of the Common Pleas Court is reversed and this cause is remanded with instructions to dismiss plaintiff's petition and render final judgment on the issues in favor of the defendants. The peremptory writ of mandamus should be dissolved. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.